UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARCUS T. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-278-TAV-CCS |
| | ) | |
| DOUG COOK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

On June 3, 2015, Petitioner filed a pro se petition for writ of habeas corpus challenging the legality of his confinement under a judgment of the Knox County Criminal Court [Doc. 1]. During pendency of the petition, Petitioner filed numerous additional motions including: three requests that the Court schedule a hearing [Docs. 32, 33, 36], two motions that the Court rule on the pending petition [Docs. 21, 34], one motion for leave to supplement exhibits attached to the original petition [Doc. 30], one request for appointment of counsel [Doc. 35], and one motion for summary judgment in his favor [Doc. 26]. On August 24, 2015, Respondent requested that the Court dismiss Petitioner's motion as untimely [Doc. 24]; that motion is now before the Court.

**I.  BACKGROUND**

Petitioner pled guilty in Knox County Criminal Court to one count of sale of cocaine and was given a suspended ten-year sentence on April 7, 2011 [Notice of Filing, Attachment 7 p. 1]. No direct appeal was taken [Doc. 1 p. 2]. On November 10, 2011, the State obtained a probation revocation warrant that alleged Petitioner had committed numerous violations of his probation including committing theft, failing drug screens, failing to gain lawful employment, and changing his residence [Notice of Filing, Attachment 1 pp. 47–48]. After a hearing on the

alleged probation violations, the court entered judgment revoking Petitioner's probation on December 15, 2011 [*Id.* at 52–53]. Petitioner appealed the revocation of his probation alleging violations of due process because the court did not consider alternative means other than revocation [Notice of Filing, Attachment 2 p. 5]. The Court of Criminal Appeals affirmed the lower court on August 27, 2012 [Notice of Filing, Attachment 7].

Petitioner filed his first petition for post-conviction relief on September 15, 2012, focusing on revocation of his probation [Notice of Filing, Attachment 8 pp. 26–29]. It is in this amended petition for post-conviction relief that Petitioner first raised allegations of constitutional violations related to his original April 7, 2011, conviction [*Id.* (citing due process violations and ineffective assistance of counsel as grounds for collateral relief)]. The post-conviction court dismissed the petition as untimely filed, entering an order denying post-conviction relief on June 3, 2013 [*Id.* at 86]. Petitioner appealed to the Tennessee Court of Criminal Appeals, which affirmed the trial court on March 20, 2014 [Notice of Filing, Attachment 12 p. 1]. Petitioner filed the current pro se petition for federal habeas corpus on June 3, 2015 [Doc. 1 p. 15].

## II.     MOTION TO DISMISS

On August 25, 2015, Respondent filed a motion seeking dismissal of Petitioner's application for habeas relief, arguing it is time-barred under the 28 U.S.C. § 2244(d)'s statute of limitations [Doc. 24]. Petitioner responded in opposition on August 31, 2015 [Doc. 28].

The AEDPA contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d). The limitations period starts to run when one of four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filling a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and

2

made retroactive on collateral review; or (4) when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.*; *see also Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000) (same). Once triggered, the limitations period is statutorily tolled during pendency of "a properly filed application for state-based post-conviction relief or other collateral review with respect to the pertinent judgment or claim." *Id.*

Because he chose not to avail himself of his right to direct appeal, Petitioner's state-court judgment "became final" under 28 U.S.C. § 2244(d)(1)(A)—his AEDPA limitations period began to run—on May 7, 2011 after expiration of the 30 day period for filling such an appeal [Notice of Filing, Attachment 7 p. 1]. Tenn. R. App. P. 4(a); *Sales v. Taylor*, No. 4:14-cv-58, 2015 U.S. Dist. LEXIS 97151, at *5 n. 1 (E.D. Tenn. July 23, 2015). Absent statutory or equitable tolling, the one-year statutory period would have expired on April 7, 2012.[1]

### 1. Statutory Tolling

Petitioner filed his state-based petition for post-conviction relief in the Knox County Criminal Court on September 15, 2012, 131 days after expiration of the AEDPA limitations period. Because an untimely state post-conviction petition neither tolls nor revives an expired period under § 2244(d)(2), *see Artuz v. Bennett*, 531 U.S. 4, 8 (2008) (explaining an application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing" and noting relevant rules include those laws proscribing "time limits upon [the application's] delivery"), the timelines of Petitioner's current request for habeas relief hinges on the presence or absence of equitable tolling.

---

[1] Petitioner waived his right to appeal his guilty plea when he pleaded guilty to the charge of sale of cocaine in accordance with Tenn. R. Crim. P. 37. After 30 days, during which he had opportunity to withdraw his plea, the judgment became final. *State v. Green*, 106 S. W.3d 646, 650 (Tenn. 2003).

3

### 2. Equitable Tolling

Despite the failure to trigger 28 U.S.C. § 2244(d)(2), the one-year AEDPA statute is not jurisdictional and remains subject to the doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner is "entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance . . . prevented timely filing.'" *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This doctrine "is applied sparingly," however, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Petitioner bears the burden of demonstrating cause for equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); s*ee also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (same).

Nothing in Petitioner's request for federal habeas relief—which cites alleged prosecutorial misconduct and ineffective assistance of counsel as grounds for invalidating his original plea-based conviction [Doc. 1 pp. 14–15 (arguing he entered the guilty plea unknowingly and placing blame for that lack of knowledge on both the prosecution's decision to withhold evidence and trial counsel's failure to discuss the discovery received)]—comes close to demonstrating the extraordinary circumstances required to equitably toll the AEDPA limitations period. Despite Petitioner's assertions to the contrary, nothing the Constitution requires the Government disclose material impeachment evidence prior to entry of a plea agreement. Further, to the extent that such disclosure could be required under the Constitution's "fair trial" guarantee, Petitioner's knowingly and voluntarily waived his right to the information by pleading guilty. *See generally Boykin v. Alabama*, 395 U.S. 238 (1969). As such, the Court finds no grounds for equitable tolling exist. Respondent's motion to dismiss [Doc. 24] will be

4

**GRANTED** and Petitioner's June 3, 2015 petition for federal habeas relief will be **DISMISSED** for failure to comply with 28 U.S.C. § 2244(d).

## III. MISCELLANEOUS REMAINING MOTIONS

In addition to the petition discussed above, Petitioner filed numerous additional motions during pendency of his request for habeas relief. These motions include: three requests that the Court schedule a hearing [Docs. 32, 33, 36], two motions to expedite ruling on the pending petition [Docs. 21, 34], one motion for leave to supplement exhibits attached to the original petition [Doc. 30], one request for appointment of counsel [Doc. 35], and one motion for summary judgment in his favor [Doc. 26]. While Petitioner's motion for leave to supplement exhibits [Doc. 30] will be **GRANTED**, the remaining motions [Docs. 21, 26 32, 33, 34, 35, 36] will be **DENIED as moot** in light of this Court's resolution of his underlying petition for relief.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's motion to supplement exhibits [Doc. 30] and Respondent's motion to dismiss [Doc. 24] will be **GRANTED**. Accordingly, the habeas action will be **DISMISSED WITH PREJUDICE**. The remaining motions [Docs. 21, 26, 32, 33, 34, 35, 36] will be **DENIED as moot**.

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE